**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

       -v-                              3:26-MC-10 (AJB/MJK)
                                         3:25-MJ-233-2 (MJK)

MELISSA MCDOUGAL,

          Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On August 13, 2025, a Special Agent employed by the Department of Homeland Security swore out a criminal complaint that charged Melissa McDougal ("McDougal" or "defendant") and a co-defendant with, *inter alia*, conspiring to sexually exploit a child. 3:25-MJ-233 at Dkt. No. 1. Defendant was arrested and CJA counsel was appointed on her behalf. Shortly thereafter, defendant's CJA counsel sought a competency hearing under 18 U.S.C. § 4241. The United States of America (the "Government") did not oppose defendant's request, which the assigned magistrate judge granted on August 19, 2025. 3:25-MJ-233 at Dkt. No. 26.

On March 11, 2026, U.S. Magistrate Judge Mitchell J. Katz held a competency hearing. Defendant appeared through counsel but did not testify. Judge Katz heard expert testimony from a psychologist, considered a written evaluation prepared by the testifying psychologist, and reviewed other available documentary evidence bearing on defendant's mental status.

On March 17, 2026, based on the record developed at the hearing, Judge Katz advised by Report & Recommendation ("R&R") that defendant was competent to stand trial, *i.e.*, that there "was not a preponderance of the evidence to prove that McDougal 'is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to

- 1 -

understand the nature and consequences of the proceedings against her or to assist properly in her defense.'"

Neither party has lodged objections, and the time period in which to do so has expired. Upon review for clear error, the R&R is accepted and will be adopted.  To be competent to stand trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam).

"In the federal courts, competency is determined by a preponderance of the evidence." *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995).  Although the question of which party bears the burden of proof is technically unsettled, *see, e.g.*, *United States v. Bumagin*, 114 F. Supp. 3d 52, 55 (E.D.N.Y. 2015), the Supreme Court has stated in *dicta* that the burden of proof is on the accused, *see Cooper v. Oklahoma*, 517 U.S. 348, 361 (1996), and the Second Circuit has recognized that the precise allocation of the burden of proof will only affect the competency determination "in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent.'" *Nichols*, 56 F.3d at 410 (quoting *Medina v. California*, 505 U.S. 437, 449 (1992)).

Judge Katz correctly applied this body of governing law and conducted a thorough analysis of the relevant facts and circumstances based on the record carefully developed at the hearing. This Court has also independently reviewed the documentary evidence presented at the hearing as well as the transcript of that proceeding.  As Judge Katz concluded, this case is not a case where the evidence is in equipoise—the record is clear that defendant is competent to stand trial at this time.

Therefore, it is

- 3 -

ORDERED that

1.  The Report & Recommendation (Dkt. No. 2) is ACCEPTED; and

2.  The Court FINDS that defendant Melissa McDougal is competent to stand trial, *i.e.*, there is not a preponderance of the evidence to prove that she "is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense."

The Clerk of the Court is directed to terminate the pending motion in this case (3:26-MC-10) and in the companion matter (3:25-MJ-233-MJK-2).

**IT IS SO ORDERED.**

Dated:  April 16, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge